# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

TIONA STANGELAND,

    PLAINTIFF,

v.                                        CIVIL ACTION NO.:

HEALTHMARK OF WALTON, INC.
D/B/A HEALTHMARK REGIONAL
MEDICAL CENTER, LLC.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Tiona Stangland, (hereinafter referred to as the "Plaintiff" or "Wilson"), by and through her undersigned attorney, sues the Defendant, Healthmark of Walton, Inc. d/b/a Healthmark Regional Medical Center, LLC., (hereinafter referred to as the "Defendant" or "Healthmark"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for interference and violation of her rights under 29 USCS §§ 2611 et seq. Family Medical Leave Act.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

1

3. Defendant is considered an employer within the terms and conditions of the 29 USCS §§ 2611 et seq. ("FMLA"). Defendant employs fifty (50) or more employees within 75 miles of the worksite of Plaintiff.

4. Plaintiff worked for Defendant from November 4th, 2014, until her involuntary termination on March 1st, 2018. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

7. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

8. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

9. Plaintiff has complied with all conditions precedent to the filing of this suit.

## PARTIES

10. Plaintiff is a Caucasian female who resides in Navarre, Florida. She was employed by the Defendant from February 1, 2011 until the involuntary termination of her employment on May 13, 2019.

11. Defendant, Healthmark, is a general, short term, acute care medical surgical hospital located in Walton County Florida. Defendant employs more than 50 employees and is an employer within the meaning of Family and Medical Leave Act ("FMLA").

## FACTS

12. Plaintiff is a 63 year old Caucasian female.

13. Plaintiff was employed by Defendant, Health Mark Regional Medical Center on February 1, 2011, as an ER nurse and remained employed with Defendant until her unlawful termination on May 13, 2019.

14. Plaintiff performed the duties of her position in a more than satisfactory manner.

15. On May 7, 2019, Plaintiff suffered a stroke and was admitted to the hospital where she remained incapacitated for at least three days.

16. On May 9, 2019, Plaintiff was discharged from the hospital.

17. On May 10, 2019, Plaintiff contacted Ms. Joan E. Bread, RN, BSN,

Chief Nursing Officer for Defendant, and informed her that she had been hospitalized with a diagnosis of a stroke and that she would not be returning to work until after her follow-up appointment with her doctor.

18. On May 16, 2019, Plaintiff contacted Ms. Beard and forwarded to her a photo of Plaintiff's discharge paperwork and follow-up instructions.

19. Plaintiff informed Ms. Beard that after her stroke, she had to learn to walk again as she had been dragging her feet.

20. As Plaintiff continued to recover, she contacted Defendant to notify it that she would be able to return to work on July 1, 2019.

21. Defendant has had knowledge of Plaintiff's serious health condition, having had a stroke on May 7, 2019, and her continued treatment to aide in her recovery.

22. The Defendant had sufficient information to know that Plaintiff was a qualified individual and that her medical condition would have qualified her for FMLA leave.

23. Plaintiff's verbal notice to Ms. Beard was sufficient to assert rights under the FMLA, as she conveyed more than enough information to put Defendant on notice that an event described in the FMLA may have occurred.

24. Defendant knew of Plaintiff's medical condition and refused to complete the necessary paperwork for her FMLA leave or acknowledge her

medical condition.

25. At no time after Plaintiff's stroke did Defendant, mail or otherwise provide Plaintiff with any FMLA paperwork.

26. Defendant's supervisors nor Defendant's HR department ever notified Plaintiff in writing of her eligibility to take FMLA leave.

27. Instead, Ms. Beard told Plaintiff that since she had not provided her with an excuse from Plaintiff's physician stating that she could not return to work for two (2) months, that she (Beard) had no choice but to consider her May 10, 2019, conversation as her resignation.

28. Ms. Beard thereafter consulted with Violet Kennison (risk management) and Gerald Beard (COO/Administrator) which resulted in a decision that Plaintiff's employment with Defendant was deemed to have ended on May 13, 2019, with the specific conclusions that Plaintiff stated that she could not return to work, did not provide a physician's excuse to be out of work and did not return to work as scheduled.

29. On May 13, 2019, when Defendant acquired sufficient knowledge that Plaintiff's leave may be for an FMLA-qualifying reason, Defendant should have notified Plaintiff of her eligibility to take FMLA leave within five business days.

30. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations and explaining any

consequences of her failure to meet these obligations.

31. Defendant never provided Plaintiff with any type of notice, written or otherwise, that she was entitled to FMLA benefits, thus interfering with and denying her substantive rights under the FMLA.

## FIRST CAUSE OF ACTION
(FMLA INTERFERENCE)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 26 of this complaint with the same force and effect as if set forth herein.

33. Defendant knew of Plaintiff's medical condition and refused to discuss any type of FMLA leave or acknowledge that she had a stroke.

34. Defendant had more than sufficient knowledge that Plaintiff's absences were for an FMLA-qualifying reason.

35. On May 13, 2019, when Defendant acquired sufficient knowledge that Plaintiff's leave may be for an FMLA-qualifying reason, Defendant should have notified Plaintiff of her eligibility to take FMLA leave within five business days.

36. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations and explaining any consequences of her failure to meet these obligations.

37. Defendant never provided Plaintiff with any type of written notice

6

regarding her FMLA rights, thus interfering with and denying her substantive rights under the FMLA.

38. Defendant unlawfully interfered with Plaintiff's rights under the Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

39. Defendant knew or should have known of Plaintiff's eligibility to take FMLA and refused, international or otherwise, to notify Plaintiff in writing or otherwise of her FMLA leave rights within five business days.

40. FMLA requires an employer to give an employee whose leave may be covered by FMLA written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations.

41. Defendant refused to notify Plaintiff of her FMLA rights and its refusal was with malice and with reckless disregard for Plaintiff's federally protected rights.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

43. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

44. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the, FMLA;

b) Enjoining and permanently restraining those violations of the FMLA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages,

pension, and other lost benefits.

  e)  Awarding Plaintiff liquidated damages;

  f)  Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

  g)  Granting such other and further relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: May 27, 2020.    By: */s/ Clayton M. Connors*
              CLAYTON M. CONNORS
              Florida Bar No.: 0095553
              Email: cmc@westconlaw.com
              **WESTBERRY & CONNORS, LLC.**
              4400 Bayou Blvd., Suite 32A
              Pensacola, Florida 32503
              Tel: (850) 473-0401
              Fax: (850) 473-1388
              Attorney for Plaintiff